(April 6, 1896.)'

## JACKSHA v. GILBERT.
[44 Pac. 555.]

NEW TRIAL—GRANTING WITHIN DISCRETION OF COURT.—When it appears from the record that in granting an order for a new trial the district court has committed no abuse of discretion, such order will not be disturbed.

(Syllabus by the court.)

APPEAL from District Court, Latah County.

James W. Reid and A. J. Green, for Appellant.

There was evidence both oral and documentary introduced upon behalf of the plaintiff and defendant, and, after a long and comprehensive, as well as specific, charge to the jury, the jury returned a verdict for the plaintiff for the possession or for the sum of $1,810, the value of the property, and for $125 damages, and judgment was entered upon this verdict in the usual form. A notice of intention to move for a new trial was made by the defendants. A bill of exceptions and a statement of. case on motion for a new trial were settled and allowed,.

and the case came on for hearing upon the motion of the defendants for a new trial, and there were twenty-two assignments of error. These all mainly go to the point that the evidence was insufficient to justify the verdict, and this insufficiency is based on the fact, which is really the point in issue, that the property sued for were fixtures. This is really the contention in the case. This court has recently laid down the rule governing contention like the one at bar, as follows: "As to the contention that the verdict is contrary to the evidence, the rule is well established that if the evidence is conflicting and there is no evidence to sustain the verdict, it will not be disturbed." (*State v. Nesbit,* ante, p. 548, 43 Pac. 66; *Sabin v. Burke,* ante, p. 28, 37 Pac. 352.)

Forney, Smith & Moore, for Respondents.

Counsel for appellant has based his argument solely on the proposition that where there is a conflict of testimony the verdict of a jury is conclusive as to the sufficiency of the evidence, and seems to overlook the fact entirely that the jury in this case disregarded the instructions of the court, which in itself is sufficient to justify the court of its own motion in granting a new trial. Section 4439 of the Revised Statutes of Idaho provides seven causes for a new trial, the sixth and seventh of which are as follows: 6. "Insufficiency of the evidence to justify a verdict or other decision, or that it is against law." 7. "Error in law occurring at the trial and excepted to by the party making the application." The granting of a new trial is discretionary with the court, and if he is satisfied that the record warrants him in so doing there is no abuse of discretion. (*Dickey v. Davis,* 39 Cal. 565; *Sherman v. Mitchell,* 46 Cal. 577 (579); *Gerold v. Brunswick,* 67 Cal. 124, 7 Pac. 306; *Curtis v. Starr,* 85 Cal. 376, 24 Pac. 806; *Aguirre v. Alexander,* 58 Cal. 21 (30).)

HUSTON, J.—This is an appeal from an order of the district court granting a new trial. The rule is very generally recognized, in cases of appeals from an order granting a new trial, that the action of the lower court will not be interfered with unless the record shows an abuse of discretion on the part

of the lower court. We have given the record in this case a careful examination, and we are of the opinion that there was not only no abuse of discretion on the part of the district court in making the order appealed from, but that such order was eminently fit and proper, in the case presented by the record. The district court, we think, very correctly stated the law applicable to the case, which instructions of the court were distinctly and emphatically ignored by the jury. It is possible the time may come in this country when the intelligence of juries will enable them to realize the fact that there must be law as well as evidence to warrant a verdictfl. The record presents several exceptions taken by respondent, but these we cannot consider upon this appeal. The order of the district court granting a new trial is affirmed, with costs.

Morgan, C. J., and Sullivan, J., concur.