(June 16, 1911.)

## L. G. SAY, Appellant, v. S. L. HODGIN, Respondent.

[116 Pac. 410.]

NEW TRIAL—DISCRETION OF COURT—CONFLICTING EVIDENCE—CONTRARY TO LAW.

(Syllabus by the court.)

1. Upon appeal from an order granting a new trial on the ground of the insufficiency of the evidence to justify the verdict, even though the evidence is conflicting, such order will not be reversed unless it affirmatively appears to have been a clear abuse of discretion.

2. If the verdict is contrary to the law as announced by the trial court, the order granting a new trial will not be disturbed.

3. Trial courts possess a discretion to be exercised wisely in the granting or refusal of new trials, and such discretion will not be by the appellate court disturbed unless it manifestly and clearly appears to have been exercised unwisely and to have been manifestly abused.

APPEAL from the District Court of the Third Judicial District for Ada County. Hon. Fremont Wood, Judge.

Action by plaintiff to recover damages. Judgment for plaintiff and defendant moved for a new trial and his motion was granted. Plaintiff appealed from the order granting a new trial. Order *affirmed.*

Pence & Tennyson, for Appellant.

It is generally held an invasion of the province of the jury to set aside a verdict that is not clearly or decidedly against the evidence or the weight of evidence. (*Drennen v. Brown,* 10 Ark. 138; *Clark v. Whitaker,* 19 Conn. 319, 48 Am. Dec. 160; *Pitts v. Thrower,* 30 Ga. 212; *Thompson v. Thompson,* 93 Ky. 435, 20 S. W. 373; *Googins v. Gilmore,* 47 Me. 9, 74 Am. Dec. 472; *Hammond v. Wadhams,* 5 Mass. 353; *Hunt v. St. Paul,* 89 Minn. 448, 95 N. W. 312; *Prewett v. Coopwood,*

30 Miss. 369; *Garrett v. Harris*, 70 N. J. L. 383, 57 Atl. 127; *Lebeau v. Dyerville*, 26 R. I. 34, 57 Atl. 1092; *Morgan v. Giddings* (Tex.), 1 S. W. 369; *Marshall v. Valley*, 97 Va. 653, 34 S. E. 455; *Nonce v. Richmond*, 33 Fed. 429; *Grogan v. Brookline Heights*, 107 App. Div. 254, 95 N. Y. Supp. 23.)

· Where the evidence was so conflicting that different persons may honestly and intelligently have formed different conclusions therefrom, the verdict should stand. (*Crystal Ice Co. v. McAulay*, 75 Cal. 631, 17 Pac. 924; 29 Cyc. 827; *Craswell v. New York*, 27 Misc. 822, 57 N. Y. Supp. 827; *Price v. Evans*, 49 Mo. 396; *Mengis v. Lebannon*, 10 Fed. 665; *Green v. Taney*, 7 Colo. 278, 3 Pac. 423; *Lowe v. Long*, 5 Ida. 122, 47 Pac. 93; *Sweetzer v. Mellick*, 5 Ida. 783, 51 Pac. 985.)

Chas. F. Koelsch, and· B. P. Bradford, for Respondent.

The granting of a new trial is a thing resting so largely in the discretion of the trial court, that its action in that regard will not be disturbed, except on a disclosure of a manifest and unmistakable abuse. (*Harrison v. Sutter St. Ry. Co.*, 116 Cal. 156, 47 Pac. 1019; *Jacksha v. Gilbert*, 4 Ida. 738, 44 Pac. 555; *Gray v. Pierson*, 7 Ida. 540, 64 Pac. 233; *Jones v. Campbell*, 11 Ida. 752, 84 Pac. 515; *Buckle v. McConaghy*, 12 Ida. 733, 88 Pac. 900; *Brossard v. Morgan*, 6 Ida. 479, 56 Pac. 163.)

In California, it is settled law that motions for new trial based upon the ground of insufficiency of the evidence to justify the decision are addressed to the sound legal discretion of the trial court, that when such motions are granted the order shall not be reversed on appeal unless it clearly appears that there was an abuse of discretion. (*Pico v. Cohn*, 67 Cal. 258, 7 Pac. 680; *Breckenridge v. Crocker*, 68 Cal. 403, 9 Pac. 426; *Gerold v. Brunswick Co.*, 67 Cal. 124, 7 Pac. 306.)

WALTERS, District J.—This is an appeal from an order granting a new trial. The appellant, who was plaintiff below, was employed by the respondent, who was defendant in the

trial court, as a keeper of certain property seized under attachment by the respondent as sheriff.

Two writs of attachment were issued at the instance of the plaintiff in the case then pending, and levies made thereunder by deputies under respondent, and in each instance the appellant was made keeper of such attached property.

Under the first attachment certain horses, wagons and harness were levied upon and later in part released, and two horses retained. Under the second attachment two boilers and engines were levied upon. Appellant acted as custodian or keeper of said property for the approximate period of nine months, and brought this action to recover from the respondent sheriff the sum of $807 for services rendered as such custodian or keeper.

It further appears that the appellant was employed by the Pacific Construction Company during the time he was keeper or custodian of such attached property; that such company was engaged in constructing a dam in the Boise river for the government; that the attached articles were the property of said company and were used in and about its work. After the property was levied upon and after appellant's employment as custodian or keeper, such property remained in the actual possession and use of said Pacific Construction Company, in the same manner as prior to the levy. Under his employment as keeper, appellant only assumed constructive possession of such property, and at no time does it appear that he assumed actual or manual possession of the same.

It appears that the horses in question were, while under attachment, worked by the construction company, and were during all of said time cared for by other employees for said company than appellant, and which likewise appears to be true of the two boilers and engines.

Appellant testified that his services as keeper did not interfere with his other employment, except, he says, "perhaps it did on two or three occasions, an hour or two, I think." He saw that the horses were there and properly cared for and were not removed or taken away. The respondent sheriff

admits the employment of appellant in the capacity claimed, but, however, asserts that because of his negligent performance of duty, amounting to a lack of performance of duty, respondent is entitled to recover nothing. The case was tried before a jury and a verdict returned in favor of plaintiff and appellant in the sum of $400. Respondent in due time urged a motion for a new trial, which was by the trial court granted, who assigned as reasons for such order: (1) That the evidence introduced upon the trial of said cause is insufficient to justify the verdict. (2) That said verdict is against law. (3) That the damages given by said verdict are excessive. This case comes here upon appeal taken by plaintiff from such order.

It thus appears that there is but one question here presented for determination; i. e., Does it affirmatively appear from the record that the trial judge has abused his discretion in granting a new trial? The first reason announced by the trial court for granting a new trial, and which seems also to incorporate or contain the third, is, "That the evidence introduced upon the trial of said cause is insufficient to justify the verdict." (Subd. 6, sec. 4439, Rev. Codes.)

Plaintiff—appellant here—testified that he had acted as keeper for the period of approximately nine months, and that his services were of the reasonable value of $807. He further testified, under cross-examination, that he was not in actual or manual possession of the attached property, and that his services consisted only in observing that said property remained in the actual care or custody of, and was properly cared for by, his employer, the Pacific Construction Company. Hence, defendant and respondent urged that because of such admission his services were not worth the value asked for by appellant, or any sum whatever. It thus appears that the value of the services of appellant was a mooted and a disputed question, and that the evidence, or the conclusion to be deduced from the evidence by the jury as to the value of the services rendered, might vary from nothing to a sum equal to that asked by appellant.

While no witness testified on behalf of respondent that the services rendered were *not* worth the sum asked, or that it was only worth some sum less than asked by appellant, still evidence of such a character—if competent and admissible—need not affirmatively appear in the record in order that the evidence may be said to be conflicting.

This was not an action for recovery on a contract fixed as to compensation, but one for the recovery of the reasonable value only, appellant urging that because of a state of admitted facts he should recover a certain sum, respondent urging that because of an admitted state of different facts the recovery should be nothing.

We are thus constrained to hold that the evidence introduced was such as to form a basis of many possible different conclusions—was contradictory—and that being such, it was proper for the trial court to consider its sufficiency or insufficiency to justify the verdict, and further that, with the record so showing, this court will not disturb the conclusion reached by the trial court as a result of such consideration. (*Buckle v. McConaghy,* 12 Ida. 733, 88 Pac. 900; *Wolfe et al. v. Ridley,* 17 Ida. 173, 104 Pac. 1014.)

The trial judge sees the witnesses on the witness-stand, observes the manner of their testifying, notes their apparent candor or fairness, or the want of it; hears the argument of counsel, and, in short, is in possession of many sources of information valuable in an inquiry as to whether justice has miscarried or not, and which cannot be made to appear in the record of the case which comes to the appellate court; and appreciating such fact, appellate courts have so frequently held, that it may be announced as settled law, that trial courts possess a discretion to be exercised wisely in the granting or refusal of new trials, and that such discretion will not be by the appellate court disturbed unless it manifestly and clearly appears to have been exercised unwisely and to have been manifestly abused. Such has been the holding of this court in many cases. (*Jacksha v. Gilbert,* 4 Ida. 738, 44 Pac. 555; *Brossard v. Morgan,* 6 Ida. 479, 56 Pac. 163; *Gray v.*

*Pierson,* 7 Ida. 540, 64 Pac. 233; *Jones v. Campbell,* 11 Ida. 752, 84 Pac. 515.)

Applying the rule above, and after an examination of the record in this case, we are unable to say that there appears any abuse of discretion in the granting of the order under consideration.

The second ground assigned by the trial court as the basis for the order is: "That said verdict is against law."

In this connection it appears that the trial court instructed the jury that:

"If during all or any portion of the time no work or labor was imposed upon the plaintiff in caring for this property, and he was actually engaged at the same time in other business as the servant and employee of the defendant against whom the writ of attachment run, then his services covering such period should be considered nominal, and the plaintiff would be entitled to only nominal compensation therefor."

It must be conceded that the jury returned a substantial verdict rather than one which may in this case be termed nominal, hence we cannot say that the trial court abused his discretion in holding that said verdict was against the law as by him announced when considered in the light of what appears to be the undisputed testimony.

Counsel for appellant cites *Lowe v. Long,* 5 Ida. 122, 47 Pac. 93, and *Sweetzer v. Mellick,* 5 Ida. 783, 51 Pac. 985, to sustain his position, but an examination of those authorities will readily disclose that the facts in such cases are in no way analogous or comparable to the record here.

It must not be understood that we in effect, or by inference or suggestion, hold that an appeal from an order granting a new trial is *per se* a useless procedure, or that the order of the trial court in such regard is in effect conclusive.

Our statutes make such an order appealable and subject to review in this court; however, the wisdom of the settled law requires that before such an order be disturbed on appeal its error be patent and manifest, and it is only such rule

which is here enforced and which has been many times heretofore declared and invoked by this court. The order of the district court is *affirmed,* with costs in favor of respondent.

Ailshie, Presiding J., and Sullivan, J., concur.