(November 20, 1912.)

CHARLES M. BAILLIE, Appellant, v. THE CITY OF WALLACE, a Municipal Corporation, Respondent.

[127 Pac. 908.]

VACATION OF VERDICT—NEW TRIAL—DISCRETION OF COURT—EVIDENCE.

(Syllabus by the court.)

1. Sec. 4439 of the Rev. Codes specifies the grounds upon which a verdict of a jury may be vacated and a new trial granted upon the application of the party aggrieved, and prescribes in subdiv. 6 as a ground, "insufficiency of the evidence to justify the verdict or other decision or that it is against law." Subd. 7 prescribes, as a further ground, "error in law, occurring at the trial, and excepted to by the party making the application."

2. Sec. 4444 of the Rev. Codes provides that a verdict of the jury may be vacated, and a new trial granted by the court in which the action is pending, on its own motion, without application of either party, when there has been such a plain disregard by the jury of the instructions or the evidence as to satisfy the court that the verdict was rendered under a misapprehension of such instructions, or under the influence of passion or prejudice.

3. Under the statutes of this state this court has announced the rule that the trial court possesses a discretion, to be exercised wisely in the granting or refusal of new trials, and that such discretion will not be by the appellate court disturbed unless it manifestly and clearly appears to have been exercised unwisely and to have been manifestly abused.

4. In determining the question of abuse of discretion, in granting or refusing a motion for a new trial, the circumstances in each case, as shown by the evidence, should be the practical and proper guide in determining the same, and it should be a legal and not an arbitrary discretion, and should be exercised in conformity with the spirit of the law, and in such a manner as will subserve rather than impede and defeat the ends of justice, and technicalities should be avoided.

5. Evidence and record in this case examined, and *held* that the trial court did not abuse its discretion in granting a motion for a new trial.

APPEAL from the District Court of the First Judicial District for Shoshone County.   Hon. W. W. Woods, Judge.

Action to recover damages for personal injuries. Judgment for plaintiff. New trial granted, from which order plaintiff appeals. *Affirmed.*

John P. Gray, Frank M. McCarthy, and Therrett Towles, for Appellant.

The court in granting a new trial certainly infringed upon the province of the jury, disregarded the findings of the jury, and constituted himself a trier of facts, for it was for the jury to say what was the proximate cause of the injury to the appellant. (*Pilmer v. Boise Traction Co.*, 14 Ida. 327, 125 Am. St. 161, 94 Pac. 432, 15 L. R. A., N. S., 254.)

This court has repeatedly held that where there is a substantial conflict in the testimony, the verdict of the jury should

not be, and will not be, set aside for want of evidence to sustain the same. (*Knauf v. Dover Lumber Co.,* 20 Ida. 773, 120 Pac. 157; *Thomason v. Lane-Potter Lumber Co.,* 20 Ida. 771, 119 Pac. 875; *Friedrich v. Donahue,* 20 Ida. 92, 116 Pac. 1029; *Edmundson v. Taylor,* 17 Ida. 618, 106 Pac. 991; *Eaves v. Sheppard,* 17 Ida. 268, 134 Am. St. 256, 105 Pac. 407; *Liggett v. Evans,* 16 Ida. 760, 102 Pac. 486; *Church v. Van Housen,* 15 Ida. 249, 97 Pac. 36; *Valley Lumber Co. v. McGilvery,* 16 Ida. 338, 101 Pac. 94.)

The jury held that the defendant was guilty of negligence, and that the proximate cause of the injuries to the appellant was the negligence of the defendant. The trial court did not grant a new trial because negligence was not proved against the city, but in this respect approved the verdict of the jury, and it will not be in the province of the supreme court to interfere with the solution made by the jury and approved by the trial court. (*Southern R. Co. v. Webb,* 116 Ga. 152, 42 S. E. 395, 59 L. R. A. 109; *Milwaukee & St. Paul R. Co. v. Kellogg,* 94 U. S. 469, 24 L. ed. 256.)

The finding of the jury becomes binding not only upon the parties to the litigation, but also upon the courts. (*Adams v. Bunker Hill etc. Mining Co.,* 12 Ida. 639, 89 Pac. 624, 11 L. R. A., N. S., 844.)

Where there is any evidence of the master's negligence and that it was the proximate cause of the injury complained of, the issue must be determined by the jury, and an appellate tribunal will not disturb the verdict, unless manifestly against the clear preponderance of the evidence. Where the evidence on an issue is such that reasonable minds may differ in their conclusions drawn from it, the verdict of the jury must be taken as conclusive. (*Maw v. Coast Lumber Co.,* 19 Ida. 396, 114 Pac. 9; *Producers' Oil Co. v. Barnes* (Tex. Civ. App.), 120 S. W. 1023, and cases cited.)

James E. Gyde, and Featherstone & Fox, for Respondent.

Upon appeal from an order granting a new trial on the ground of insufficiency of the evidence to justify the verdict,

even though the evidence is conflicting, such order will not be reversed unless it affirmatively appears to have been a clear abuse of discretion. (*Say v. Hodgin,* 20 Ida. 64, 116 Pac. 410; *Jacksha v. Gilbert,* 4 Ida. 738, 44 Pac. 555; *Gray v. Pierson,* 7 Ida. 540, 64 Pac. 233; *Jones v. Campbell,* 11 Ida. 752, 84 Pac. 510; *Buckle v. McConaghy,* 12 Ida. 733, 88 Pac. 100; *Brossard v. Morgan,* 6 Ida. 479, 56 Pac. 163; *Pico v. Cohn,* 67 Cal. 258, 7 Pac. 680; *Breckenridge v. Crocker,* 68 Cal. 403, 9 Pac. 426.)

STEWART, C. J.—This action was brought by the appellant to recover from the respondent damages for personal injuries sustained by appellant by coming in contact with a metallic sign attached to a building abutting on Sixth street, in the city of Wallace, and suspended over the sidewalk constructed on Sixth street by the city of Wallace, which sign was suspended from a building occupied by and in the possession of the Northern Express Company, so low that the appellant, while walking along said street on the sidewalk, came in contact therewith, striking his head against the sign.

The negligence of the city is alleged mainly to have been caused, first, by the city's failure to keep Sixth street, a public street and highway, in a reasonably safe condition for travel by persons lawfully traveling upon the same; second, by the city's failure to prohibit and prevent obstructions being placed therein or suspended over the sidewalk and public way; third, by the failure of the city to remove or cause to be removed obstructions placed over or across or suspended so as to reasonably interfere with the safety of persons who may travel or pass over said sidewalk; fourth, by the failure of the city to require all signs or obstructions, if permitted to be suspended over the sidewalks, to be placed at such height as to render travel thereon safe.

A demurrer was filed to the complaint alleging as a ground therefor that the complaint did not state facts sufficient to constitute a cause of action, and was uncertain in several particulars. This demurrer was overruled. An answer was filed which put directly in issue all the allegations of the com-

plaint relating to negligence, and specifically denied that the
city permitted the sign to be so attached to the building oc-
cupied by the Northern Express Company, or that it had
any knowledge thereof, and alleged affirmatively that it had
no knowledge of such sign having been extended over the
sidewalk, and denied that the plaintiff ran into said sign as
alleged in the complaint, or that he encountered the sign at
all; and alleged affirmatively that if plaintiff was injured
by running into said sign, it was through his own contributory
negligence. Upon these issues evidence was introduced, and
the cause was submitted to the jury, and a verdict was ren-
dered in favor of the plaintiff for the sum of $5,000, and judg-
ment was rendered accordingly.

A motion for a new trial was made and granted, and in the
order granting the new trial the trial court gave as his reasons
the following:

"1st. Because the defendant had no actual notice of the
alleged obstruction and the alleged obstruction was not such
a patent one as, under the evidence in this cause, constituted
notice to the city authorities.

"2d. The verdict is against the evidence in this, that there
was proof of three wounds and the evidence fails to disclose
which of these three wounds was inflicted by the sign, and
there is no specific proof as to the extent of the injury occa-
sioned by the one wound alleged to have been inflicted upon
the plaintiff by encountering the obstruction complained of.

"3d. The verdict is contrary to instructions numbers 8a and
15a given by the court."

This appeal is from the order granting the motion for a new
trial.

Counsel for appellant seem to rely entirely upon the con-
tention that, notwithstanding the general rule that the grant-
ing of a new trial rests largely in the discretion of the trial
court, yet such rule in the present case does not apply, for
the reason that the trial court has set forth the grounds upon
which he granted a new trial, and that such grounds are
contrary to the evidence, contrary to the law, and contrary
to the finding of the jury. It is argued that the trial court

by such order disagreed with the unanimous report of the jury upon the facts, but that notwithstanding the fact that the trial court disagreed with the jury upon the facts, it was error for the trial court to grant a new trial, and that the opinion of the trial court upon the facts, where there is a conflict in the evidence, will not justify the granting of a new trial.

Sec. 4439 of the Rev. Codes specifies the grounds upon which a verdict of a jury may be vacated and a new trial granted upon the application of the party aggrieved, and subdivs. 6 and 7 are as follows:

"6. Insufficiency of the evidence to justify the verdict or other decision, or that it is against law;

"7. Error in law, occurring at the trial, and excepted to by the party making the application."

The first four subdivisions of the section will not be considered at this time, inasmuch as the question presented by counsel for appellant appears to be wholly based upon subdivisions 6 and 7.

Subd. 6, above referred to, relates entirely to a case where there is no substantial evidence upon which the verdict can be justified, and where it is not based upon the law as given upon the trial. Subd. 7 relates to errors in law occurring *at the trial,* and excepted to by the party making the application. An error of the trial court in granting or refusing a new trial is an order made *after trial,* and is addressed to the discretion of the court, and is not an error occurring *at the trial.*

Sec. 4444, Rev. Codes, as amended, Laws of 1911, p. 378, provides: "The verdict of a jury may also be vacated, and a new trial granted by the court in which the action is pending, on its own motion, without the application of either of the parties when there has been such a plain disregard by the jury of the instructions of the court, or the evidence in the case, as to satisfy the court that the verdict was rendered under a misapprehension of such instructions, or under the influence of passion or prejudice. . . . . " This amendment makes no alteration in the provision of the code prior to such amend-

ment, and this section, more fully than is announced in subd. 6 of sec. 4439, confers upon the trial judge the legal discretion of granting or refusing a motion for a new trial.

Under the above statute this court has followed the rule clearly announced in the case of *Say v. Hodgin,* 20 Ida. 64, 116 Pac. 410, wherein this court held that where the evidence introduced is of such a character as to form a basis from which a different conclusion may be reasonably and intelligently reached, it is proper for the trial court to consider its sufficiency or insufficiency to justify the verdict, and when the record shows that there is a contradiction in such testimony, that this court will not disturb the conclusion reached by the trial court as a result of such consideration. In that case this court said: "It may be announced as settled law, that trial courts possess a discretion to be exercised wisely in the granting or refusal of new trials, and that such discretion will not be by the appellate court disturbed unless it manifestly and clearly appears to have been exercised unwisely and to have been manifestly abused. Such has been the holding of this court in many cases. (*Jacksha v. Gilbert,* 4 Ida. 738, 44 Pac. 555; *Brossard v. Morgan,* 6 Ida. 479, 56 Pac. 163; *Gray v. Pierson,* 7 Ida. 540, 64 Pac. 233; *Jones v. Campbell,* 11 Ida. 752, 84 Pac. 510.)"

The following additional cases may also be cited supporting the same rule as announced above: *Buckle v. McConaghy,* 12 Ida. 733, 88 Pac. 100; *Wolfe v. Ridley,* 17 Ida. 173, 104 Pac. 1014, 20 Ann. Cas. 39; *Walsh v. Winston Bros. Co.,* 18 Ida. 768, 111 Pac. 1090.

In addition to the above decisions of this court, a very exhaustive citation of authorities holding to the same effect may be found in note 2, sec. 97, vol. 1, Hayne, New Trial and Appeal, where the supreme courts of the states of California, Colorado, Montana, Nevada, New Mexico, North Dakota, South Dakota, Oregon, Utah, Washington and Wyoming announce the same rule as this court.

This being the rule so long adhered to in this court, we cannot in this case depart from such a rule upon the theory that the action of the court was an error at law occurring during

the trial, but it did occur, if at all, subsequent to the trial, and is reviewable upon appeal from the order.

This rule, when applied to the facts of this case, presents the important question whether the discretion granted by the statute to the trial court has been abused. The author of Hayne's "New Trial and Appeal," in the recent issue of that work, has fully discussed the rule announced by appellate courts in determining this question, and says: "This is not always easy to determine, but the task is greatly simplified when it is remembered that the discretion referred to is legal and never arbitrary. There must be a legal ground or excuse for every act of the court and not a mere arbitrary exercise of power by the will of the individual who happens to occupy the position of judge. Not only must there be a legal ground or excuse in support of the exercise of discretionary power, but there must be some fact or reason against the same, otherwise there would be no basis for an exercise of discretion. Moreover, the discretion of the court must always be exercised in behalf of justice and fair dealing in the abstract, and manifestly must not be contrary to the principles of justice, or productive of hardship and inconvenience. If this should be the case there would be, in the language of the authorities, an abuse of discretion, and the appellate court would reverse the judgment or order. This is not a very precise rule; but when interpreted by the light of the circumstances of each case, it is of practical value, and prevails in all courts where the common law is the rule of decision." (Hayne, New Trial and Appeal, vol. 2, sec. 289.)

From the text and the authorities cited dealing with this subject, it would seem to be the general rule that in determining the question as to whether there is an abuse of discretion in the action of the trial court in granting or refusing a motion for a new trial, the circumstances in each case as shown by the evidence should be the practical and proper guide in determining the question of abuse of discretion.

The discretion of the court, however, in granting or refusing a new trial should be a legal and not an arbitrary discretion, and should be exercised in conformity with the spirit

of the law and in such a manner as will subserve rather than impede or defeat the ends of justice, and in considering and determining such motion, technicalities should be avoided.

Turning, now, to the evidence for the purpose of determining whether the discretion of the trial court in granting or refusing a motion for a new trial was abused, we are safe in saying, and the evidence is uncontradicted, that on October 16, 1911, the Northern Express Company was occupying a building facing Sixth street, in the city of Wallace; that the Northern Express Company placed a sign attached to said building at the entrance to said building, and that said sign was a metallic sign, one foot two inches wide, one and one-half feet long, and the lower edge of said sign was five feet ten and seven-tenths inches from the surface of the sidewalk. The sign was securely fastened to the side of the building, and all of the sign except about fifteen-sixteenths of an inch thereof was suspended over the sidewalk.

There is evidence, also, which shows that about midnight on October 16, 1911, the appellant was walking along the sidewalk, and came into contact with the sign by striking his head against it. The evidence also shows that appellant came in contact with the sign, or a policeman's club, or the sidewalk, causing the injury for which he seeks to recover. This sign was placed in the position above described on or about the 16th day of September, 1911, and was in that position at the time the appellant was injured and remained in that position until after such injury occurred.

There is evidence in the record also introduced by the city tending to prove that the appellant was injured by blows and hits over the head inflicted by a policeman, at the point where the appellant was found lying on the sidewalk. This is denied by the appellant. The conflict in the evidence, and the conflict that also arises by other circumstances which tend to corroborate the above facts, certainly present an issue of fact which it was proper and within the power of the jury to determine. The jury determined the question. The court, in viewing these facts and corroborative circumstances, and having heard the witnesses testify and having observed their

demeanor upon the witness-stand, and having heard all the facts in the case, was of the opinion that the jury were in error, and acted contrary to the principles of justice. From a careful consideration of the evidence we are satisfied that the trial court did not abuse the legal discretion given that court in acting upon a motion for a new trial, and because a new trial has been granted, we have refrained from going into detail and discussing the evidence generally.

By reason of the fact that the trial court was clothed with discretion within the limits above discussed, the order granting a new trial is *affirmed.* Costs awarded to respondent.

Ailshie and Sullivan, JJ., concur.