(December 4, 1922.)

WILLIAM WATT, Respondent, v. R. N. STANFIELD and JAMES D. LANE, Appellants.

[210 Pac. 998.]

REOPENING CASE FOR FURTHER EVIDENCE—MOTION FOR NEW TRIAL.

1. It is within the sound discretion of a trial judge to permit the introduction of evidence after a case is closed and given to the jury, and before they have delivered their verdict to the court, and where good cause appears therefor and the judge refuses to reopen such case for the purpose of receiving additional evidence solely by reason of a mistaken belief that he was without authority to do so, such abuse of discretion is ground for granting a new trial.

2. *Held,* that the court erred in overruling appellants' motion for new trial in this case.

Publisher's Note.

1. Right of court to reopen case after submission to jury for purpose of receiving additional evidence, see note in Ann. Cas. 1913C, 1010.

APPEAL from the District Court of the Fifth Judicial District, for Bannock County. Hon. O. R. Baum, Judge.

Action upon contract. Judgment for plaintiff. Motion for new trial overruled. *Reversed.*

Ed. R. Coulter, for Appellants.

"It is well settled that a trial court, for the purpose of receiving further evidence, may reopen a case after the parties have rested, though it should never do so except for good reasons and on a proper showing, and this power continues after the case has been given to the jury and before they have delivered their verdict." (*Haines v. Young,* 132 Cal. 512, 64 Pac. 1079; *In re Walker's Estate,* 148 Cal. 162, 82 Pac. 770; *Garner v. State,* 97 Ark. 63, Ann. Cas. 1912C, 1059, 132 S. W. 1010.)

Discretion, when applied to a court of justice, means sound discretion guided by law. (*Goodwin v. Prime,* 92 Me. 355, 42 Atl. 785; *Harris v. Harris,* 31 Gratt. (Va.) 13; *Sea Isle City Imp. Co. v. Assessors of Taxes,* 61 N. J. L. 476, 39 Atl. 1063; *Lovinier v. Pearce,* 70 N. C. 167; *Miller v. Wallace,* 76 Ga. 479, 2 Am. St. 322; *Abbott v. L'Hommedieu,* 10 W. Va. 677; *Rose v. Brown,* 11 W. Va. 122; *Sharon v. Sharon,* 75 Cal. 1, 16 Pac. 345; *Marray v. Buell,* 74 Wis. 14, 41 N. W. 1010.)

The facts stated constitute such accident and surprise as would give to appellants a right to ask for a new trial under paragraph 3, sec. 6888, C. S. (*First Nat. Bank of Storm Lake v. Harwick,* 74 Iowa, 227, 37 N. W. 171; *Fretwell v. Laffoon,* 77 Mo. 26; *Skinner v. Terry,* 107 N. C. 103, 12 S. E. 118.)

Peterson & Coffin and C. H. Darling, for Respondent.

There was not such accident or surprise as the appellant by the exercise of reasonable diligence could not have guarded against. (*McGuire v. Drew,* 83 Cal. 225, 23 Pac. 312; *Clifford v. Mason,* 6 Colo. 603; *Brevard v. Graham,* 2

Bibb (Ky.), 177; *Brooks v. Johnson*, 122 Cal. 569, 55 Pac. 423; *Schellhous v. Ball*, 29 Cal. 605.)

The action of the trial judge in denying appellants' motion made in the court below to set aside the proceedings and to reopen the case is not a basis for a new trial. (*In re Kingsley's Estate*, 93 Cal. 576, 29 Pac. 244; *Davey v. Southern Pac. Co.*, 116 Cal. 325, 48 Pac. 117; *People v. Crowley*, 56 Cal. 39; *Shanklin v. Hall*, 100 Cal. 26, 34 Pac. 636; *Bailey v. Brown*, 4 Cal. App. 515, 88 Pac. 518; *Valentine v. Rosenhaupt*, 19 Ida. 130, 112 Pac. 685; *Denman v. Brennamen*, 48 Okl. 566, 149 Pac. 1105, L. R. A. 1915E, 1047; *United Hardware-Furniture Co. v. Blue*, 59 Fla. 419, 52 So. 364, 35 L. R. A., N. S., 1038; *Hedstrom v. Union Trust Co.*, 7 Cal. App. 278, 94 Pac. 386.)

The trial judge did not abuse his discretion in refusing to grant a new trial. (*Union Brewing Co. v. Cooper*, 15 Colo. App. 65, 60 Pac. 946; *Phillips County Court v. People*, 55 Colo. 258, 133 Pac. 752; *Blake v. Howe*, 1 Aikens (Vt.), 306, 15 Am. Dec. 681; *Brooks v. Douglas*, 32 Cal. 208; *Cook v. De la Guerra*, 24 Cal. 237; *Haight v. Green*, 19 Cal. 113; *Ekel v. Swift*, 47 Cal. 619; *McGurie v. Drew*, 83 Cal. 225, 23 Pac. 312; *Ross v. McDuffie*, 91 Ga. 120, 16 S. E. 648.)

BUDGE, J.—This is an appeal from an order overruling a motion for a new trial.

The facts, briefly stated, are as follows: Respondent brought an action against appellants to recover upon two causes of action. The cause was set down for trial at 9 o'clock on the 30th day of September, 1920. One of the appellants, together with his attorney, left Weiser by train on the evening of September 29, 1920, and reached Pocatello at 3 o'clock on the following morning. After arriving at the latter place, they went to a hotel. On the morning of September 30, 1920, at 9 o'clock, according to their watches, which carried Pacific Coast time, they were in the courtroom prepared to proceed with the trial of the cause.

At Pocatello there is a division of the zone of Mountain and Pacific Coast time. It would seem that the territory north and west of Pocatello, as far as and beyond Weiser, is within the zone in which Pacific time is fixed as the correct time by act of Congress, and the territory south and east of Pocatello is within a zone controlled by Mountain time.

In other words, appellants' counsel's watch carried Pacific Coast time, and the court was conducting business according to Mountain time, so when appellant reached the courtroom it was 9 o'clock by Pacific Coast time and 10 o'clock by Mountain time. According to the time under which the court was proceeding, appellants' counsel was one hour late. On arrival in court, appellants' counsel ascertained that the cause had been called, the jury impaneled, evidence of the respondent introduced, the jury instructed, and they had retired for deliberation.

Prior to the rendition of the verdict, the attention of the court being called to the fact of the difference in time as above recited, which occasioned the delay of counsel, in not being present at 9 o'clock, Mountain time, counsel for appellants made an oral motion, in which among other things he expressed a willingness to accept the jury as impaneled and moved the court to reopen the case and permit him to cross-examine the respondent and introduce appellants' evidence in support of their answer. In refusing to grant this motion, the trial judge assigned the following reasons:

"The court realizes that the proceedings are unusual in this, that only one party was heard, also that the plaintiff's attorney is powerless in the matter, and if the court thought it was a matter in the discretion of the court, the motion, of course, would be allowed, but the court knows of no statute, Mr. Coulter, under which the proceedings heretofore had, in view of the fact that the jury is now waiting with its verdict, and the motion is made in the presence of the jury, who have returned with a verdict, which has not yet been received, under which it could act.

36 Idaho.—24

If you can show the court any statute by which it might act, the court would be glad to accommodate you. I take it, it is the desire of counsel for the plaintiff that the matter be tried on its merits, and it is the desire of the court that both· parties be heard, but the court believes, Mr. Coulter, that if your motion was granted it would be error, and it would be such error on behalf of the court that it would be reversible, so in view of that your motion will be denied.''

Whereupon the court directed the jury to submit their verdict, and the same was received and filed by the clerk, upon which verdict judgment was entered in favor of respondent for the amount prayed for in his complaint, together with interest. Thereupon a notice and motion for new trial, supported by affidavit, was duly submitted, and by the court overruled.

This cause may be disposed of upon one of the errors assigned, which involves the question whether the court abused its discretion in denying appellants' motion for a new trial.

It might be here observed, however, that in our opinion the trial court abused its discretion in refusing to reopen the case before receiving the verdict of the jury, and in denying to appellants' counsel the right to cross-examine the respondent and to introduce evidence on appellants' behalf. The court should have followed the course which it seemed desirous of doing, made plain by the use of the following language, viz., that: ''If the court thought it was a matter in the discretion of the court, the motion, of course, would be allowed.''

· The court's action in this regard was not circumscribed by any statute, but rested solely within its discretion, to the end that justice be done and that litigants who were wholly without fault be permitted to submit to the court evidence in support of their defense.

In the case of *Garner v. State,* 97 Ark. 63, Ann. Cas. 1912C, 1059, 132 S. W. 1010, it was held: ''It is within the discretion of the learned trial judge to permit the introduc-

tion of further testimony after the case is closed and given to the jury and before they had delivered their verdict to the court.''

Neither can it be doubted that the court abused its discretion in refusing to grant appellants' motion for a new trial. That appellants and their counsel were acting in good faith and made an honest effort to appear .in court at the time fixed for the trial of the cause is evident, and the only reason they failed to do so was that they had no notice that the trial court was operating according to Mountain time and not Pacific Coast time.

The court very aptly expressed a desire that both parties be heard, in order that justice be administered. The law not only gave the court the right to fulfill this desire, but imposed .upon it the duty, which it failed to perform, and in this the court abused its discretion.

We are also admonished by the provisions of art. 1, sec. 18, of the constitution that courts of justice must be open to every person, and that right and justice must be administered, and upon these fundamental principles rests appellants' right under the facts as shown in this case to submit their defense to the court and jury.

As was said in the case of *Say v. Hodgin,* 20 Ida. 64, 116 Pac. 410: '' . . . . it may be announced as settled law, that trial courts possess a discretion to be exercised wisely in the granting or refusal of new trials, and that such discretion will not be by the appellate court disturbed unless it manifestly and clearly appears to have been exercised unwisely and to have been manifestly abused. Such has been the holding of this court in many cases. (*Jacksha v. Gilbert,* 4 Ida. 738, 44 Pac. 555; *Brossard v. Morgan,* 6 Ida. 479, 56 Pac. 163; *Gray v. Pierson,* 7 Ida. 540, 64 Pac. 233; *Jones v. Campbell,* 11 Ida. 752, 84 Pac. 515.)''

See, also, *Buckle v. McConaghy,* 12 Ida. 733, 88 Pac. 900; *Wolfe v. Ridley,* 17 Ida. 173, 20 Ann. Cas. 39, 104 Pac. 1014; *Walsh v. Winston Bros. Co.,* 18 Ida. 768, 111 Pac. 1090; *Baillie v. City of Wallace,* 22 Ida. 702, 127 Pac. 908.

This discretion, when applied to a court of justice, means sound judicial discretion guided by law. It must be governed by rule and not by humor. It must not be arbitrary, vague and fanciful, but legal and regular. It may not be granted or refused at the mere will or pleasure of the judge, but he is to exercise a sound judicial judgment, in the interest of justice and prudence. We cannot subscribe to the theory that under the facts in this case justice was meted out to the appellants, and we think there was a sufficient showing of accident or surprise, which ordinary prudence could not have guarded against, to have fully required the trial court to sustain appellants' motion for a new trial.

From what has been said it follows that the order of the court denying appellants' motion for a new trial should be reversed and a new trial granted, and it is so ordered. Costs are awarded to appellants.

Rice, C. J., and McCarthy, Dunn and Lee, JJ., concur.