(No. 5584. March 16, 1931.)

MAUDE MARKER, Appellant, v. J. J. McCUE, Executor of the Last Will and Testament of NARCISSA GESTAL, Deceased, and CARMEN GABICA and JUANITA UBERUAGA, Devisees, Respondents.

[297 Pac. 401.]

P. E. Cavaney, for Appellant.

Charles F. Reddoch, for Respondents.

GIVENS, J.—February 11, 1928, decedent Narcissa Gestal, made a will leaving all her property to Maude Marker, her daughter-in-law. February 13, 1928, the decedent made another will to the same effect. November 15, 1928, Mrs. Gestal suffered a partial paralytic stroke, and later on the same day made a will leaving all her property to Carmen Gabica and Juanita Uberuaga. After Mrs. Gestal's death, November 21, 1928, upon the presentation of the will of November 15th for probate, Maude Marker contested it on four grounds, as follows:

"First, That said purported will was not signed by said decedent, nor was it signed by the said decedent in the presence of two subscribing witnesses, who, in her presence and at her request, and in the presence of each other, signed the same;

"Second: That if said will was executed by said decedent, its execution was procured by undue influence and circumvention of Carmen Gabica and Juanita Uberuaga, the sole beneficiaries thereunder which grounds are particularly set out in the said petition filed herein;

"Third: That at the time of the execution of said purported will, said decedent was not of sound and disposing mind;

"Fourth: That upon information and belief, contestant denies that the said decedent did in fact execute said will."

The probate court set aside the will of November 15th, and on appeal a jury in the district court found likewise. The appeal is from an order granting a new trial.

Appellant assigns as error the court's action in granting a nonsuit as to the first and fourth grounds of contest above noted, and in instructing the jury that the evidence introduced was insufficient as a matter of law to support the second ground of contest. Such action was proper because there was no evidence to sustain such grounds and the appellant in her brief fails to point out any evidence supporting such grounds.

Instruction Number four complained of, gives the rule for determining what is "sound and disposing mind," and is virtually a copy of the law stated in *Schwarz v. Taeger*, 44 Ida. 625, 258 Pac. 1082, and was thus justified. The court in effect told the jury in instructions five and six that the question of the soundness of decedent's mind was a question of fact for the jury to decide.

Appellant's objection to Dr. Pittenger, Mrs. Gestal's attending physician at the time she suffered the stroke of paralysis, testifying because of privilege under C. S., sec. 7937, was properly overruled because under *Sprouse v. Magee*, 46 Ida. 622, 269 Pac. 993, such privilege could be, and was waived by decedent's personal representative. *Fritcher v. Kelley*, 34 Ida. 471, 201 Pac. 1037, and *Nelson v. Johnson*, 41 Ida. 697 (at 702), 243 Pac. 647, are not in point as they did not involve the question of waiver after death, by the personal representative. The same is true as to the objection to the testimony of Mr. McCue, Mrs. Gestal's attorney.

The failure of the trial court to specify the grounds upon which the motion for new trial was granted is not reversible error.

"Where one of the specified grounds is insufficiency of the evidence, and a new trial is granted without denominating the basis therefor, the appellate court, in the presence of substantially conflicting evidence, will presume that the trial

judge has discharged his duty under conviction that the verdict is not in accord with the great weight of the evidence and that the ends of justice would be subserved by vacating the same." (*Tidd v. Northern Pac. Ry. Co.*, 46 Ida. 652, 270 Pac. 138, 139.)

Also there is conflict in the evidence and such ruling will not be disturbed. (*Markham v. Davy*, 42 Ida. 545, 247 Pac. 12.)

Since there may be a new trial we will not comment upon the evidence except to apply and reaffirm the rule applicable herein.

"This court has repeatedly held that, unless there affirmatively appears to have been a clear abuse of discretion it will not disturb an order of the trial court granting a new trial." (*Turner v. First Nat. Bank of Bancroft*, 42 Ida. 597, 248 Pac. 14, 15.)

This disposes of the substance of all the errors assigned. Judgment affirmed. Costs to respondents.

Lee, C. J., and Budge, Varian and McNaughton, JJ., concur.