204 P.2d 430

**BALDWIN v. EWING (two cases).**

Nos. 7437, 7438.

Supreme Court of Idaho.

March 23, 1949.

C. H. Higer, of Emmett, and George Donart, of Weiser, for respondents.

J. F. Martin, of Boise, for appellant.

GLENNON, District Judge.

The plaintiff, John H. Baldwin, by his guardian, Matthew Baldwin, filed an action against the defendant, Frank C. Ewing, to recover general damages for injuries suffered by him as a result of a collision of

a truck driven by defendant, with an automobile driven by plaintiff upon a certain road near Emmett, Idaho.

The plaintiff, Matthew Baldwin, father of John H. Baldwin, in a separate suit claimed special damages on account of the same collision and resulting injuries to his son, covering necessary items of expenditure for hospitalization, physician's services, drugs and appliances, in the sum of $1062.38; and damages as a result of impaired earning power of his said son during his future minority, in the further sum of $2,000. And the further sum of $500 for damages to his automobile which was involved in the collision in question—it being alleged that said collision and the resulting damages were due to the negligence of the defendant.

The cases were, by agreement, consolidated for the purpose of trial, and for hearing in this court on appeal.

The jury returned separate verdicts. The verdict in the John H. Baldwin case was as follows:

"We, the jury, in the case of John H. Baldwin, a minor, by Matthew Baldwin, Guardian ad Litem, Plaintiff, find in favor of the *plaintiff* and *against* the *Defendant,* Frank C. Ewing, and assess his damages at $ None." (Emphasis supplied)

The foregoing verdict was filed November 12, 1947. Judgment was signed by the presiding Judge, dated November 20, 1947, and filed November 25, 1947, in accordance with said verdict.

Plaintiff filed notice of intention to move for a new trial November 22, 1947, followed by Motion for New Trial filed December 13, 1947, on which latter date a hearing was had and a new trial was granted. The order granting plaintiff a new trial was signed by the presiding Judge on December 15, 1947, and filed December 26, 1947. The case is here on defendant's appeal from the order granting a new trial.

Assignments of error will not be taken up in the order of their assignment, and only such assignments as are deemed essential to a determination of the final question; i. e., whether or not the trial court committed reversible error in granting a new trial, will be discussed.

▇ It is urged by appellant that:

"No ground assigned in the motion for new trial was within or stated any ground for new trial within the statutory provision for such motion."

It seems clear that neither of the first two grounds stated in the motion come within the terms of the statute, Section 7-602, I.C.A. The third ground stated in the motion is: "that the verdict of the jury is against the law * * *," which would seem to be within subdivision 6 of the statute, insofar as the assignment itself is concerned. However, following that part of the motion above quoted, and as a part thereof it is urged, in effect, that there is no evidence to support the verdict, and that uncontradicted evidence entitled the plaintiff to a verdict for substantial dam-

ages. So that the motion, in reality, presents a question of fact rather than a question of law.

The order of the court sets forth in substantially the same language as that contained in the motion, as "reasons" for granting a new trial.

It is settled law in this jurisdiction, and generally elsewhere, that trial courts possess a discretion to be exercised wisely in granting or refusing new trials, which discretion will not be disturbed by the appellate court unless it clearly appears to have been exercised unwisely and to have been manifestly abused. Poston v. Hollar, 64 Idaho 322, 132 P.2d 142; Riggs v. Smith, 52 Idaho 43, 11 P.2d 358.

The term "discretion" means a sound judicial discretion and a determination of the matter grounded upon reason arising out of the law and the evidence in the particular case under consideration. Baillie v. City of Wallace, 22 Idaho 702, 127 P. 908; Watt v. Stanfield, 36 Idaho 366, 210 P. 998.

A jury is only required to find as to ultimate facts; and if it finds that plaintiff is entitled to recover, to fix the amount of recovery. If the finding is that plaintiff is not entitled to recover, the verdict should be for defendant. Where, as here, the jury finds that *plaintiff* is entitled to recover "$ none," it is in fact and in law a finding for the defendant.

If either the court or counsel considered it uncertain, the proper procedure would have been to have refused to accept the verdict and require the jury to correct it. Such procedure is quite universally authorized, 64 C.J. p. 1089, Sec. 891, and cases there collected.

Section 7-218, I.C.A., provides:

"When the verdict is announced, if it is informal or insufficient in not covering the issue submitted, it may be corrected by the jury under the advice of the court, or the jury may be again sent out."

In Downing v. Panata, 33 Idaho 300, 193 P. 849, 850, this court held that:

"Until a verdict is received and recorded, it is not considered valid and final, and it lies in the power of the jury to alter, amend, and correct, the same, but not afterwards."

See Boomer v. Isley, 49 Idaho 666, 290 P. 405; Pedersen v. Moore, 32 Idaho 420, 184 P. 475; 64 C.J. p. 1110, Sec. 917.

In Bates v. Price, 30 Idaho 521, 166 P. 261, 264, the court said:

"It was the duty of the court, upon learning that the verdict was irregular, to send the jury back in order that they might return a verdict in proper form."

In Trask v. Boise King Placers Co., 26 Idaho 290, 142 P. 1073, this court held that indefiniteness of a verdict is not ground for granting a new trial. This point is conceded by the respondent in this case, so it need not be considered further.

■ It is urged by respondent, John H. Baldwin, that:

"Having rendered a verdict in favor of Matthew Baldwin for the full amount for which he sued was clearly an expression on the part of the jury that the defendant, Ewing, was guilty of negligence which proximately caused the collision, and that John H. Baldwin was not guilty of contributing (contributory) negligence which was a proximate cause of said collision, and that the said John H. Baldwin did not have the last clear chance to prevent the collision."

It is apparent that it was on the theory stated in the foregoing quotation that the motion for a new trial was made, and upon which the trial court acted in granting the new trial.

It must be kept in mind that, while the two cases were consolidated for the purpose of trial, they remain two separate and distinct cases, both in law and in fact. Let us assume, only for the purpose of illustrating the point, that the cases had been tried separately and by a different jury, or the same jury. Could it be successfully contended that the finding of the jury in either of the cases would be binding upon the jury in the other case? We think not. And the fact that the jury may have reached a different conclusion on the question of negligence here does not violate the rule as to such finding.

No request was made for any special findings, and the general finding of the jury was accepted without objection.

The defendant affirmatively pleaded contributory negligence on the part of John H. Baldwin, the driver of the automobile, and specifically stated the acts of negligence, except for which it is alleged the collision would not have occurred.

■ "The burden of establishing contributory negligence as the proximate cause always rests upon the defendant; this burden may be discharged but never shifted." Kelly v. Troy Laundry Co., 46 Idaho 214, 267 P. 222, 224.

■ Contributory negligence is generally a question of fact for the jury, and never becomes a question of law unless the facts are reasonably susceptible of no other interpretation than that the conduct of the injured party caused, or contributed, to his injury and that he did not act as a reasonably prudent person would have acted under like circumstances. Bennett v. Deaton, 57 Idaho 752, 68 P.2d 895; Adkins v. Zalasky, 59 Idaho 292, 81 P.2d 1090; Allan v. Oregon Short Line R. Co., 60 Idaho 267, 90 P.2d 707.

The plaintiff testified that when he first observed the approaching vehicle being driven by defendant, he (plaintiff) was driving on his left-hand side of the road, at which time defendant was driving on his (defendant's) right side of the road. For the purpose of avoiding an apparent collision, plaintiff turned to his right side of the road. At about the same time, for the purpose of avoiding a collision, defendant

drove over and upon his left-hand side of the road, where the collision occurred.

■ It is the primary duty of the driver of a motor vehicle to drive the same upon his right half of the highway. Section 48-509 and Section 48-511 I.C.A. The latter section of the Code is particularly applicable here.

In Hamilton v. Carpenter, 49 Idaho 629, 290 P. 724, 725, this court held:

"Whether driver of automobile, proceeding on left of highway to avoid collision with another car, is negligent, depends on whether he acted in reasonably prudent manner."

■ The above stated facts, which are not contradicted, presented a question for the jury, and upon its determination rested the right of recovery. It must be conceded that the undisputed evidence presented a very close question as to whose act constituted the proximate cause. It follows that the verdict was not contrary to the evidence.

■ It is contended that the verdict is contrary to law, because the undisputed evidence shows the plaintiff, John H. Baldwin, suffered severe injuries which entitled him to substantial damages. Admittedly he was severely injured, and suffered great pain and disability on account thereof; but the question here is whether or not the evidence warranted the jury in finding that, notwithstanding his injuries, he was not entitled to recover damages.

Instruction No. 6, in part, reads as follows:

"Though the negligence of a defendant may be a proximate cause of injuries to the plaintiff, *such plaintiff cannot recover* if the *evidence further shows his own negligence was also a proximate cause of such injuries."* (Emphasis supplied)

No question has been raised as to the correctness of the above instruction, and under it, and the evidence bearing on the question, the jury was justified in its verdict denying any recovery by the plaintiff.

The effect of granting a new trial in this case was to override the verdict of the jury. which was supported by sufficient evidence,. and authorized by the above instruction. The order of the court granting a new trial' should, therefore, be vacated and set aside and the judgment reinstated. And it is so ordered. Costs to appellant.

The Matthew Baldwin case is here on appeal from the judgment. The question for determination is whether the court erred in refusing to direct a verdict for defendant..

■ It has been held by this court that. a directed verdict is proper only when there is no fact question for the jury. Adams. County v. Meadows Valley Bank, 47 Idaho 646, 277 P. 575; Allen v. Laudahn, 59 Idaho 207, 81 P.2d 734; Stearns v. Graves, 62 Idaho 312, 111 P.2d 882; Boise Motor Car Co. v. St. Paul Mercury Indemnity Co.,. 62 Idaho 438, 112 P.2d 1011; Hill v. Bice,

65 Idaho 167, 139 P.2d 1010; Burt v. Blackfoot Motor Supply Co., 67 Idaho 548, 186 P.2d 498.

It does not appear to be seriously contended at this time that the court committed reversible error in denying defendant's motion for judgment notwithstanding the verdict. In any event, the evidence warranted the denial of the motion.

The main contention now appears to be that the verdict and the judgment entered thereon are excessive to the extent of $1324.88, the amount claimed and awarded by the jury, on account of the decreased earning capacity of the son during the remainder of his minority. It is contended that there is no evidence to sustain that part of the judgment. However, the record does not support that view. The evidence shows that the son was in the hospital, totally disabled for a period of 88 or 98 days and that his leg would be weakened for "possibly a year." That is sufficient evidence to require the trial court to submit the question to the jury. The verdict of the jury is supported by ample evidence to sustain the allowance of some amount for loss of earning capacity. And further, appellant's specific assignments of error present no question as to excessive damages having been awarded; therefore, the error, if any, in respect thereto is waived and will not be considered by this court. Bicandi v. Boise Payette Lumber Co., 55 Idaho 543, 44 P.2d 1103, and cases there cited.

Therefore, the judgment should be affirmed, and it is so ordered. Costs to respondent.

HOLDEN, C. J., GIVENS and PORTER, JJ., and BAKER, District Judge, concur.