370 P.2d 197

**N. O. GRIMM and Mary Grimm, husband and wife, Plaintiffs-Appellants,**

**v.**

**E. M. HARPER and Ann Harper, husband and wife, Defendants-Respondents.**

**No. 9008.**

Supreme Court of Idaho.

March 30, 1962.

Rayborn, Rayborn, Rayborn & Webb, Twin Falls, for appellants.

Robert N. W. Balleisen, Twin Falls, for respondents.

McFADDEN, Justice.

After a jury trial judgment was entered for the plaintiffs (appellants herein) in the amount of $2,530.00, which represented the difference between the verdict for plaintiffs in the amount of $3,165.00, and a separate verdict for the defendants in the amount of $635.00. The defendants (respondents herein) moved for judgment notwithstanding the verdict or for a new trial on four grounds; i. e., insufficiency of the evidence, the verdict being against law set forth in the instructions; insufficiency and lack of evidence to establish defendants' liability; and that the evidence as a matter of law substantiated the basis of defendants' affirmative defense and counterclaim.

In granting this motion, the trial court held:

"The defendants Motion for a new trial is granted on the grounds that the damages awarded by the jury herein were excessive; and, further, that there was insufficient evidence to justify the verdict, and said verdict was contrary to the law, the plaintiffs are required to remit to the defendants all of the damages except the sum of $440.-00, and unless within 20 days after service on plaintiffs' attorney a copy of this order, the plaintiffs file with the clerk, a written consent to reduce the verdict to $440.00 plus costs, the Motion for a New Trial will be granted and trial date set."

The plaintiffs did not file their written consent reducing the judgment, but instead have appealed from this order granting the new trial. The sum of $440.00 represents the undisputed items in plaintiff's complaint.

The specifications of error and contentions of the plaintiffs are directed to the authority of the trial court to grant a new trial when there is a conflict in the evidence on the factual issues presented to the jury for determination, and when there is substantial evidence to support the verdict reached by the jury. It is contended that the granting of the new trial, when evi-

dence is conflicting, is the substitution of the views of the trial court for the findings of the jury and that it is an abuse of discretion for the trial court to grant a new trial under such circumstances.

Appellants rely principally on the following Idaho decisions to sustain their position: Baldwin v. Ewing, 69 Idaho 176, 204 P.2d 430; the dissenting opinion in Sanchotena v. Tower Co., 74 Idaho 541, 264 P.2d 1021; also upon National Produce Distributors v. Grube, 78 Idaho 33, 297 P.2d 284; and Checketts v. Bowman, 70 Idaho 463, 220 P.2d 682, which is quoted as follows:

"[Speaking of the right to grant a new trial] In exercising this prerogative the judge is not allowed to substitute his opinion for that of the jury. He should act to reduce the verdict or grant a new trial only in cases where it is clearly excessive and unsupported by the evidence."

Subsequent to the opinions in these cases this court in Coast Transport, Inc. v. Stone, 79 Idaho 257, 261, 313 P.2d 1073, 1075–1076, correctly stated the applicable rule:

"The trial court exercises a wide discretion in ruling on a motion for new trial. In cases where a new trial has been granted the record will be liberally construed in support of the order. [Citing authorities.]

"Appellant recognizes the foregoing rules. He urges that here, there being no conflict in the evidence as to damages, its sufficiency presents a question of law, and, as such, is not addressed to the discretionary power of the trial court. In such case he urges the trial court cannot set aside the verdict if there is any evidence at all sufficient to sustain the verdict. He would apply the rule governing in the case of a motion for a directed verdict. That rule is comparable to the one which governs this court, in cases of appeals taken on the ground of insufficiency of the evidence, to the effect that where there is any competent evidence to sustain the verdict, though conflicting, it will not be set aside. We have held such a rule not applicable to the trial court in passing upon a motion for a new trial. [Citing authorities.]

"'The probative force and effect of the evidence is ultimately for the determination of the trial court upon the hearing of a motion for a new trial; this is so even though there is no conflict therein. [Authorities cited.] The trial judge is in possession of many sources of information of value in an inquiry as to whether justice has prevailed or miscarried which is not nor can be made available to this court; * * *.' Sanchotena v. Tower Co., 74 Idaho 541, at page 548, 264 P.2d 1021, at page 1025.

"The trial court did not err in granting a new trial, nor in conditioning the

new trial upon defendant's refusal to waive the items of damage as to which the proof was insufficient."

The distinction between the rules on nonsuit or directed verdict and of motions for new trial, is to be found in Stone v. Matthies, 49 Idaho 277, 287 P. 951.

■ This court is firmly committed to the proposition that when the trial court is of the opinion that a verdict, based on conflicting evidence, or even when there is no conflict, is not in accord with law or justice, he may grant a new trial, and such order will not be reversed on appeal, except for manifest abuse of discretion in making the order. Poston v. Hollar, 64 Idaho 322, 132 P.2d 142; the basic reason for such rule is well expressed in the decision of Say v. Hodgin, 20 Idaho 64, 68, 116 P. 410, 411 as follows:

"The trial judge sees the witnesses on the witness stand, observes the manner of their testifying, notes their apparent candor or fairness, or the want of it, hears the argument of counsel, and, in short, is in possession of many sources of information valuable in an inquiry as to whether justice has miscarried or not, and which cannot be made to appear in the record of the case which comes to the appellate court; and, appreciating such fact, appellate courts have so frequently held, that it may be announced as settled law, that trial courts possess a discretion to be exercised wisely in the granting or refusal of new trials, and that such discretion will not be by the appellate court disturbed unless it manifestly and clearly appears to have been exercised unwisely and to have been manifestly abused."

See also cases set out in footnote [1].

[1]. Jacksha v. Gilbert, 4 Idaho 738, 44 P. 555; Brossard v. Morgan, 6 Idaho 479, 56 P. 163; Jones v. Campbell, 11 Idaho 752, 84 P. 510. "It is sufficient to say that there is a substantial conflict and the rule is, that, where the evidence presents a substantial conflict and the trial court, who saw and heard the witnesses and saw and heard all that was done and said in the case, has granted a new trial, his order will not be disturbed on appeal (citations omitted,) * * *." Buckle v. McConaghy, 12 Idaho 733, 88 P. 100; Wolfe v. Ridley, 17 Idaho 173, 104 P. 1014; Say v. Hodgin, 20 Idaho 64, 116 P. 410; Penninger Lateral Co., Ltd. v. Clark, 20 Idaho 166, 117 P. 764; Baillie v. City of Wallace, 22 Idaho 702, 127 P. 908; Boomer v. Isley, 42 Idaho 547, 246 P. 966; Turner v. First Nat. Bank of Bancroft, 42 Idaho 597, 248 P. 14; Tidd v. Northern Pacific Ry. Co., 46 Idaho 652, 270 P. 138; Stone v. Matthies, 49 Idaho 277, 287 P. 951; Marker v. McCue, 50 Idaho 462, 297 P. 401; Egbert v. Twin Falls Canal Co., 52 Idaho 39, 11 P.2d 360; Riggs v. Smith, 52 Idaho 43, 11 P.2d 358; In Estate of Randall, 60 Idaho 419, 93 P.2d 1, this court recognized the rule that granting of a new trial on conflicting evidence is discretionary with the trial court, although there the order granting the new trial was reversed as being an abuse of discretion by the trial court. MacDonald v. Ogan, 61 Idaho 553, 104 P.2d

In the case of Baldwin v. Ewing, 69 Idaho 176, 204 P.2d 430, jury returned a verdict for the plaintiff but found no damages due, and the trial court granted a motion for new trial. This court in that case recognized the rule that the granting of a new trial is discretionary with the trial court, but held that there was an abuse of discretion in the granting of the new trial.

In National Produce Distributors v. Grube, 78 Idaho 33, 297 P.2d 284, this court stated "The evidence being substantial, competent, and ample to support the jury's determination of the issue, it was error to set aside its verdict." We agree with that rule, but in that particular case which was an appeal from an order granting a new trial, this rule of law was ostensibly applied incorrectly. The opinion prior to that statement clearly disclosed an abuse of discretion by the trial court in granting the new trial, and the decision is correct. However, to put at rest any misunderstanding on the part of counsel or courts concerning the applicability of such statement to an appeal from an order granting a new trial, where evidence is conflicting, such statement is specifically held not applicable. See cases cited in the foregoing footnote.

█ In the instant case Mr. Grimm did certain land-levelling for defendant Harper on his farm. The work was started prior to potato-planting time. Harper thereafter planted the seed potatoes and later, after harvest, Grimm returned and did more work. The principal issues between the parties were whether Grimm had agreed to have the field level prior to planting time; whether as leveled at that time, it irrigated properly; whether the work subsequently performed was an item of the initial agreement, or whether it was performed to correct errors on Grimm's part in doing the work for which he should not be paid. Harper by his cross-complaint sought damages for loss of crops by reason of the failure of the field properly to irrigate.

As previously pointed out, the jury returned two separate verdicts, one for the plaintiffs, and the other for the defendants. The verdict for the defendants was in an amount equal to what Harper had paid to another person to get his land to properly irrigate. Harper, during the course of the trial, sought to amend his cross-complaint to include this amount, which amendment was refused by the trial court. Although the evidence concerning this amount, was not before them to resolve any material issue it was used by the jury in determination of what Harper was entitled to receive on his counter-claim for loss of crops.

1106; Poston v. Hollar, 64 Idaho 322, 132 P.2d 142; Hall v. Johnson, 70 Idaho 190, 214 P.2d 467; Sanchotena v. Tower Co., 74 Idaho 541, 264 P.2d 1021 (Majority opinion.); Walker v. Distler, 78 Idaho 38, 296 P.2d 452; Woodland v. Lyon, 78 Idaho 79, 298 P.2d 380; Coast Transport, Inc. v. Stone, 79 Idaho 257, 313 P.2d 1073.

Such sum bears no relation to the amounts claimed by him in that regard.

Although the evidence on the principal issues was conflicting, that alone does not bar the trial court from exercising his discretion in the granting or refusing to grant a new trial. Under the facts appearing in the record, the trial court did not err in granting the new trial.

Order affirmed.

Costs to respondent.

SMITH, C. J., and TAYLOR, KNUDSON and McQUADE, JJ., concur.