(March 15, 1927.)

## S. E. SEVERE, Respondent, v. F. W. GOODING et al., Appellants.

[254 Pac. 1054.]

CROPS — REAL PROPERTY — ACTION FOR DAMAGES — CHANGE OF VENUE DENIED.

    1. Generally, "grasses" growing from perennial roots are *fructus naturales* and real property.

    2. Action for damages on account of injury to natural grass and herbage growing on soil *held* to involve injury to real property, within C. S., sec. 6661, requiring action to be brought in county where land is situated.

APPEAL from the District Court of the Fourth Judicial District, for Camas County. Hon. H. F. Ensign, Judge.

Appeal from order denying motion for change of venue. *Affirmed.*

Bissell & Bird, for Appellants.

Where a local action is joined in a complaint with a personal or transitory action, the defendants are entitled to have it tried in the county wherein they reside. (*Le Breton v. Superior Court,* 66 Cal. 27, 4 Pac. 777; *Smith v. Smith,* 88 Cal. 572, 26 Pac. 356; *Terry v. Rivergarden Farms Co.,* 29 Cal. App. 59, 154 Pac. 476; *Nason v. Feldhusen,* 34 Cal. App. 789, 168 Pac. 1162; *Weyer v. Weyer,* 40 Cal. App. 765, 182 Pac. 776; *Sheeley v. Jones,* 192 Cal. 256, 219 Pac. 744.)

Publisher's Note.

    1. See 8 R. C. L. 357.

See Crops, 17 C. J., sec. 4, p. 380, n. 17.
Venue, 40 Cyc., p. 70, n. 99.

R. M. Angel, for Respondent, files no brief.

JOHNSON, Commissioner.—This is an appeal from an order made and entered in the district court for Camas county denying a motion by defendants for a change of venue. The complaint sets forth three causes of action. In the first it is alleged that plaintiff now is in the possession and entitled to the possession of certain specifically described lands situated in Camas county, and that said land is fenced, and further alleges a trespass of 2,000 head of sheep upon and damage to grass and herbage growing thereon. In his second cause of action he reiterates and adopts paragraph one of his first cause of action and sets forth that "the ground was moist and stock could not pasture upon it without permanent injury to the said land," and that the sheep "so tramped out the crops growing thereon and cut up the land itself so as to permanently injure the said land for the balance of the season and for some time to come"; and the third cause of action is brought under what is known as the Two Mile Limit Law and sets forth "that the plaintiff at all times hereinafter mentioned and now has his dwelling-house upon the said land and resided there," and then sets forth his ownership of certain cattle "which he habitually ranges and grazes within two miles of his dwelling-house upon unappropriated and unoccupied public domain," and further alleges that the defendants "ranged and grazed 2,000 head of sheep upon the said public domain, thereby destroying the grasses and herbage growing thereon, and rendering the same wholly unfit and useless for the grazing of plaintiff's cattle, to his damage."

The motion for a change of venue is based solely on the ground that the defendants are each residents of Lincoln county. Appellants contend that where a transitory action is united with an action resulting from injuries to real property, the defendants are entitled to a change of venue to the county of their residence. No one of the causes of action herein is transitory.

The sufficiency of the allegations of the complaint is not before us and we do not pass upon the complaint but merely look to the form of the action.

C. S., sec. 6661, as far as applicable, reads:

"Actions for the following causes must be tried in the county in which the subject of the action or some part thereof is situated, subject to the power of the court to change the place of trial, as provided in this code:

"1. For the recovery of real property, or of an estate or interest therein, or for the determination in any form of such right or interest and for injuries to real property."

[1]  In general the rule obtains that grasses growing from perennial roots are *fructus naturales* and real property. (8 R. C. L. 356, sec. 2; 17 C. J. 380, note 17.)

This court, in *Sweet v. Ballantyne*, 8 Ida. 431, 69 Pac. 995, in discussing the Two Mile Limit Law, at page 438, said:

"The statutes recognize a property interest in the grasses growing on the public domain, within two miles of the dwelling of a settler."

[2]  The plaintiff is seeking to recover damages on account of injury to the natural grass and herbage growing on the soil, within paragraph 1 of C. S., sec. 6661, requiring actions for injuries to real property to be brought in the county where the land is situated.

We find no merit in the contention of appellant and therefore recommend that the order denying a change of venue be affirmed.

Varian and Brinck, CC., concur.

PER CURIAM.—The foregoing is approved as the opinion of the court, and the order denying a change of venue is affirmed.  Costs to respondent.