## WONG NIN *v.* THE CITY AND COUNTY OF HONOLULU.

## No. 2198.

ARGUED MARCH 20, 1935.                    DECIDED APRIL 6, 1935.

### COKE, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY COKE, C. J.

The plaintiff, Wong Nin, on March 11, 1932, instituted in the circuit court of the first judicial circuit his action against the defendant, the City and County of Honolulu, for the recovery of damages caused by the alleged wrongful diversion of water appurtenant to the land of plaintiff located in Manoa Valley, Honolulu. Later on plaintiff filed an amended declaration to which defendant interposed a demurrer and the judge of the circuit court has reserved for our consideration the single question, to wit: "Should

defendant's demurrer to plaintiff's amended complaint be sustained on all or any of the grounds set forth therein?"

The salient averments of the complaint as amended are that the plaintiff was the owner of a tract of land in Manoa Valley, containing 15.90 acres, title to a portion thereof containing 2.85 acres having been conveyed away by plaintiff in August, 1929. There is a surface-flowing stream having its source at a waterhead called Waiakeakua, in upper Manoa Valley and running through the valley toward the sea, known as East Manoa Stream. A ditch or auwai taps the stream at a point below the waterhead. From the water flowing through the auwai plaintiff was entitled to have water to irrigate his taro lands above described; that in the latter part of the year 1923 or the early part of the year 1924 the defendant, against the vested rights of plaintiff, by means of a pipe line tapped the stream above the source of the auwai and diverted the water of the stream from the auwai; that by reason of such diversion of water by defendant plaintiff's lands have been deprived of water which was appurtenant to them and the crops of taro growing thereon at the time of the diversion were badly injured and partly ruined and that by reason of the continuance of such diversion by defendant and the consequent lack of water flowing through the auwai plaintiff has been unable to raise taro on his land. For the injury to his crop growing at the time the water was first diverted plaintiff claims damages in the sum of $16,915 and because of the continued diversion of water plaintiff has been further damaged in the sum of $16,778.39. Plaintiff also alleges that by Act 194, L. 1931, an appropriation for the payment of plaintiff's claim was made upon its validity being established in a court of competent jurisdiction.

The reserved question is comprehensive in scope and presents for our consideration all of the numerous grounds of defendant's demurrer. The issues raised by the demur-

rer have been summarized by defendant's counsel as follows: (1) Plaintiff's claim is barred in whole or in part by the statute of limitations. (2) The amended complaint does not set forth facts sufficient to fairly apprise the defendant of what it would be required to meet on a trial of the cause. (3) The City and County of Honolulu is not the proper defendant. (a) If the City and County of Honolulu is the proper party defendant the allegations of the amended complaint are insufficient in that it does not appear therefrom that written notice of the injury and damage was given as required by section 1833, R. L. 1925.

The averments of damages, although incorporated in a single paragraph, in fact present two causes of action, the first being for the injury to or partial destruction of plaintiff's crop of taro growing on his premises in the latter part of 1923 or the early part of 1924 by the wrongful diversion by defendant of water appurtenant to plaintiff's land and, second, the subsequent damage to plaintiff caused by the diversion of water from plaintiff's property by defendant to the date of the institution of plaintiff's cause of action on March 11, 1932. The statute of limitations which defendant pleads in bar of plaintiff's right to maintain his action is section 2645, R. L. 1925, which reads: "Actions for the recovery of compensation for damages or injury to persons or property must be instituted within two years after the cause of action accrued, and not after." It is apparent that plaintiff's first cause of action is completely barred by the above statute unless as claimed by plaintiff the legislature of the Territory has waived the bar of the statute and thus revived the claim. Act 194, L. 1931, is as follows: "Section 1. The sum of forty-nine thousand six hundred forty and 45/100 dollars ($49,640.45) is hereby appropriated out of any moneys in the treasury of the Territory of Hawaii not otherwise ap-

382

propriated, for the purpose of paying any legally adjudi-
cated claims of Wong Nin for and on account of loss and
damages sustained by him to his taro lands and growing
taro crop thereon, and the deprivation of use of said taro
lands, due to diversion of water by the government of the
Territory of Hawaii, and/or any subdivision thereof, from
the waterhead known as 'Waiakekua' in Manoa Valley,
City and County of Honolulu. Section 2. Any claim pre-
sented by the said Wong Nin shall not be deemed a legally
adjudicated claim within the contemplation of Section 1
unless it shall be found to be a valid legal claim by a court
of competent jurisdiction in a final judgment against the
Territory of Hawaii and/or any subdivision thereof. Up-
on presentation to the auditor of the Territory of a certi-
fied copy of such final judgment the sum hereby appropri-
ated shall be paid to the extent of said judgment upon a
warrant duly issued by the said auditor of the Territory.
Upon payment of the sum here appropriated, or any part
thereof, the treasurer of the Territory shall, in fixing the
next tax rate for the City and County of Honolulu, add to
the amount to be raised thereby the said sum, which
amount, when collected, shall be paid into the general fund
as a reimbursement." Act 11, 2d Sp. S. L. 1932, reads:
"Section 1 of Act 194 of the Session Laws of Hawaii 1931,
is hereby amended by deleting from the first and second
lines thereof the words and figures 'forty-nine thousand six
hundred forty and 45/100 dollars ($49,640.45)' and in-
serting in lieu thereof the words and figures 'thirty-three
thousand six hundred ninety-three and 39/100 dollars
($33,693.39).' " The only effect of the amendment was to
reduce the amount of the appropriation made available for
the purposes specified in the original Act.

The legislature by the Act as amended, plaintiff urges,
removed the bar of the statute from his claim. He argues
that if the legislature did not intend to waive the statute

the appropriation of money to pay a claim which could be defeated by the mere interposition of a plea in bar was a vain and useless gesture. Defendant's answer is that what the legislature intended to do and all that it did was to make available funds to pay such legally adjudicated claims as would reimburse plaintiff for damage to his taro lands and growing crops expressly confining the appropriation to the payment of only such claims as were valid and legal and made the subject of a final judgment in a court of competent jurisdiction. If this view be adopted it does not follow that the Act of the legislature leads to an absurdity nor was it a useless gesture. Assuming that plaintiff had a legal claim against the Territory for damages sustained within the period of the statute which he could convert into a judgment in a court of law, the Act of the legislature making available funds to meet the judgment would clearly have been beneficial to him and a proper subject of legislation. We can find no token of any legislative intent to waive the bar of the statute of limitations or to revive plaintiff's cause of action and thus accord to him the unusual privilege of recovering for damages to his lands and growing crops without limitation as to time just so long as the damage antedated the passage of the Act.

Revival is an extreme exercise of legislative power. The will to work it is not deducted from words of doubtful meaning. Uncertainties are resolved against consequences so drastic. See *Hopkins* v. *Lincoln Trust Co.,* 135 N. E. 267. The plaintiff in this case by his own inaction or neglect has lost his right to recover the greater portion of his claim. Whether plaintiff's demand falls within the category of claims respecting which the legislature of the Territory possesses the power to take away from the municipality the right to plead the statute of

384

limitations need not be decided for the reason that, as we view the question, the legislature in the present case has evinced no disposition to exercise any such power. Reading the statute we find the disclosure of a purpose to provide a fund from which plaintiff may be reimbursed for any valid and legal claim which he may have against the Territory or the municipality but no intent to permit recovery based on an illegal or invalid claim. The Act by express terms confines plaintiff's right of recovery to "valid, legal claims" and no claim can be either valid or legal which has already been barred by the statute of limitations nor can any such claim be "legally adjudicated." The word "valid" means having legal strength or force, something having legal sufficiency. See *Edwards* v. *O'Neal,* 28 S. W. (2d) 569, 572; also 3 Words & Phrases (4th) 790. The word "legal" means conforming to law, according to law, required or permitted by law, not forbidden or discountenanced by law. The word also means good and effectual in law; one which the party asserting it may enforce by action or by some proceeding at law or in equity. See *Freeman* v. *Fowler Packing Co.,* 11 Pac. (2d) 276; 2 Words & Phrases (4th) 545; *Cowan* v. *Mayor,* 10 N. Y. (3 Hun) 632; *People* v. *Woodruff,* 68 N. Y. S. 100. A claim for damages which is barred by the statute of limitations is not a legal claim, as very clearly pointed out in the case of *Cowan* v. *Mayor, supra,* because it is unenforceable by an action or other proceeding at law or in equity.

In consequence of the foregoing view it follows that plaintiff's action must be confined to such damages as he may have sustained within the two-year period next preceding the institution of these proceedings in the circuit court. This renders it unnecessary for us to discuss the second point raised in the demurrer.

· The third ground of demurrer is that the city and county is not the proper party defendant or if it is then the complaint is insufficient in that it does not appear therefrom that written notice of the injury and damage was given as required by section 1833, R. L. 1925. In support of its theory that the action does not lie against the city and county defendant's counsel refers us to section 22 of Act 96, L. 1929, which provides that any action commenced or prosecuted for the recovery of damages for any injury to any person or property by reason of the negligence of the board of water supply or any acts of its agents, servants or employees shall be commenced and prosecuted against the board. This, of course, is the general statutory law but in the present case the legislature by express terms conferred upon the plaintiff the right to adjudicate such legal claim as he may have for the injuries in question by final judgment against the Territory of Hawaii and/or any subdivision thereof. The City and County of Honolulu is a subdivision of the Territory. The board of water supply is not. Its status is that of a board or bureau and nothing more. Under the Act the plaintiff was required to confine his action to either the Territory or to the City and County of Honolulu. Likewise there is no merit in the argument of the defendant's counsel to the effect that plaintiff should have given written notice of his injury and damages to the city and county mayor as provided in section 1833, R. L. 1925. This section reads: "Before the city and county shall be liable for damages to any person for injuries to person or property received upon any of the streets * * * or other public places * * * or on account of any negligence * * * the person so injured * * * shall, within six months * * * give the mayor notice in writing." The injury, if any, sustained by plaintiff did not occur upon any of the streets or at any public place nor was such injury the result of negligence. The notice,

therefore, prescribed in section 1833 was unnecessary in the present case.

Defendant's counsel also advances the theory that the injury complained of having had its inception in occurrences transpiring in 1923 and 1924 was of a permanent nature and the entire cause of action accrued at that time and is now barred by limitation. There is a clear distinction recognized by the courts between what is called a permanent injury and one that is continuing. From the averments of the complaint in this case it would appear that the initial injury, namely, the destruction of or damage to plaintiff's growing crop of taro constituted a permanent injury, respecting which a right of action accrued at the time it was sustained and the statute of limitations of course began to run from the date of the injury but the subsequent injuries caused by the continued diversion of water to the time plaintiff instituted his action were a continuing injury and so much of the damage as may have been sustained within the period of the statute is not barred. "A continuing diversion of a natural watercourse whereby a lower riparian owner is deprived of its use in a continuing injury not referable exclusively to the time when the diversion first occurred; and in such a case a recovery may be had for all damages accruing within the statutory period before the action, although not for damages accrued before that period." 37 C. J. 894. See also 20 R. C. L. 401; *Prentiss* v. *Wood,* 132 Mass. 486; *Bare* v. *Hoffman,* 21 Am. R. 42.

The necessary effect of the foregoing conclusions is to deny to plaintiff the right to recover for any damages sustained by him prior to the two-year period of limitations. And the complaint becomes insufficient because it contains no averment of the amount of damage suffered by plaintiff within the period not barred by the statute. See 67 C. J. 734. Our answer, therefore, to the reservation is that de-

fendant's demurrer to plaintiff's amended complaint should be sustained for the reason that the complaint does not contain averments sufficient in law to entitle plaintiff to recover judgment against defendant.

The trial court may, of course, under the authority of section 4097, R. L. 1935, upon application, permit plaintiff to amend his complaint so as by proper averment to state a cause of action for recovery of such damages as he may have sustained within the period of limitation.

*A. G. M. Robertson* (*Robertson & Castle* on the brief) for plaintiff.

*G. R. Corbett,* Deputy City and County Attorney (also on the briefs), for defendant.