298 P.2d 380

Andrew WOODLAND, Plaintiff-Appellant,

v.

Ben H. LYON and Ida Lyon, husband and wife, Defendants-Respondents.

No. 8362.

Supreme Court of Idaho.

June 6, 1956.

Caldwell & Whittier, Pocatello, for appellant.

Robert M. Terrell, Jones, Pomeroy & Jones, Pocatello, for respondents.

ANDERSON, Justice.

This is an action to recover damages for injury to pasture and growing crops of alfalfa hay and grain, for damage which resulted from the obstruction of a watercourse, and for the cost of removing the obstruction.

The parties own adjoining lands on the south fork of Pocatello Creek, respondents' land being upstream from appellant's. Appellant claims a decreed water right in the stream of five-tenths of a second foot.

Plaintiff and appellant alleged that respondents filled in the stream bed on their land in October, 1949, so that the water was diverted and did not reach appellant's land during the irrigating seasons of 1950 through 1953. Respondents by answer denied that they had taken such water or placed any obstruction to interfere with appellant.

The matter was tried to a jury, who returned a verdict for the appellant in the sum of $1,166.66 upon the first cause of action, for pasture damage; $2,000 upon the second cause of action, for damage to growing crops of alfalfa hay and grain; and $500 upon the third cause of action, for damage to the natural stream bed and for the cost of removing the obstructions. It is noted that the jury allowed exactly one-third of the amount asked in each cause of action.

Judgment was entered May 26, 1955, and on June 4, 1955, notice of intention to move for, and motion for new trial was filed. June 20, 1955, was the date fixed for the hearing of the motion. At this time, respondents asked to amend their motion by striking out the words:

"That the verdict and the judgment rendered thereon and the damages awarded plaintiff is wholly insufficient to support the damages"

and substituting:

"That the evidence is insufficient to support or justify the verdict and the judgment rendered thereon and is wholly insufficient to support the damages"

and by adding:

"Excessive damages appearing to have been given under the influence of passion or prejudice."

No objection was made by adverse counsel, and the amendments were allowed and made by interlineation in open court.

After hearing the matter, the court granted the motion for a new trial, unless appellant should consent to a reduction of the judgment to $1,000. The motion was granted on both the grounds of insufficiency of the evidence and excessive damages.

Appellants contend that the court erred in permitting the amendment. Respondents contend that the statute of limitations, I.C. secs. 5–218(2) and 5–224, bars each of the plaintiff's causes of action.

Idaho Code sec. 5–218(2) sets a three-year limitation for an action for trespass upon real property. Section 5–224 provides:

"An action for relief not hereinbefore provided for must be commenced within four years after the cause of action shall have accrued."

Actions on the case for consequential damages to real property come under the latter section. Boise Development Co. v. Boise City, 30 Idaho 675, 167 P. 1032. In general, the rule obtains that grasses growing from perennial roots are *fructus naturales* and real property. Severe v. Gooding, 43 Idaho 755, 254 P. 1054.

■ The tort herein alleged is not a single wrong, but a continuing one, and appellant may, if the evidence supports his claim, recover for all injuries occurring within the statutory period, even though the obstruction occurred more than four years before the complaint was filed. In 56 Am.Jur., Waters, sec. 363, p. 793, it is stated:

"* * * A continuing diversion of water from a watercourse to the injury of lower proprietors has been held to be a continuing trespass or nuisance for which damages may be recovered for all injuries occurring within the period of limitations prior to the institution of the action. * * *"

See also Wong Nin v. City and County of Honolulu, 33 Haw. 379; Wagner v. Purity Water Co., 241 Pa. 328, 88 A. 484, L.R.A. 1916E, 981.

The transcript in this case fails to show when the action was commenced. Therefore we are unable to pass upon the question of how much, if any, of plaintiff's claim is barred by the statute.

■ Nor is it fatal to appellant's case that the court permitted amendment to the notice of intention to move for, and motion for new trial after the time for filing the motion had expired. The amendment was allowed in open court, respondent making no objection thereto. There was no such waiver in the case of Barker v. McKellar, 50 Idaho 226, 296 P. 196, relied upon by respondents.

Moreover, in the Barker case the original motion did not specify any ground for seeking a new trial, while in the present case the motion set forth grounds of insufficiency of the evidence to justify the verdict and errors of law occurring at the trial. A new ground—excessive damages appearing to have been given under the influence of passion or prejudice—was added by amendment, and a portion of the section relating to sufficiency of the evidence was re-worded. The trial court granted the motion upon the grounds

"* * * that the verdict of the jury herein and the judgment entered thereon is excessive and that said verdict appears to have been rendered under the influence of passion or prejudice; and that the evidence submitted in said cause is insufficient to support said verdict as rendered and the judgment entered thereon, * * *"

the latter being one of the grounds listed in the original motion.

In this case there was marked conflict in the evidence as to the quantity of water carried by the creek and as to whether the stream bed was actually filled in by respondents, as the appellant contends. Appellant, by his own testimony, made no effort to mitigate damages by cleaning out the channel, nor did he ask the respondents to remove the alleged obstructions. He continued to plant grain, and even broke up additional land for cultivation, in the face of what he contends was an inadequate water supply.

There is no evidence of the cost to harvest the hay or grain, and its reasonable market value after harvesting. The trial judge might well conclude the evidence was insufficient to support the size of the verdict given.

Except in cases where error affecting the substantial rights of the aggrieved party is so manifest as to entitle him to a new trial as a matter of right, the trial judge is vested with a wide discretion to be exercised wisely in granting or denying a new trial, and the order of the court exercising that discretion will not be disturbed by this court unless such discretion clearly and manifestly has been abused. See Walker v. Distler, 78 Idaho 38, 296 P.2d 452, 457, and cases therein cited.

"It should be remembered that, in passing upon a motion for a new trial, the appellate court applies a different rule to the consideration of an order *granting a new trial* from what it applies to the *denial of a new trial*. This difference is predicated on the grounds that, where a new trial is granted, both parties are put back in the status in which they found themselves on the original trial; and each party has his chance to present the case anew to the court and jury. Whereas, an order denying a motion for a new trial terminates the case and denies the losing party any chance of resubmitting his case or having it again heard by the court and jury." MacDonald v. Ogan, 61 Idaho 553, 556, 104 P.2d 1106, 1107; Walker v. Distler, supra.

As this court stated in the case of Say v. Hodgin, 20 Idaho 64, 68, 116 P. 410, 411, the trial judge has the witnesses before him,

"* * * observes the manner of their testifying, notes their apparent candor or fairness, or the want of it; hears the argument of counsel, and, in short, is in possession of many sources of information valuable in an inquiry as to whether justice has miscarried or not, and which cannot be made to appear in the record of the case which comes to the appellate court; and, appreciating such fact, appellate courts have so frequently held, that it may be announced as settled law, that trial courts possess a discretion to be exercised wisely in the granting or refusal of new trials, and that such discretion will not be by the appellate court disturbed unless it manifestly and clearly appears to have been exercised unwisely and to have been manifestly abused. Such has been the holding of this court in many cases."

We find no abuse of discretion in this case.

A new trial will be granted unless plaintiff, within 15 days from the filing of the remittitur in the district court, serves on counsel for defendants and files a written consent and waiver consenting to the reduc-

tion of said verdict to the sum of $1,000 as ordered by the trial court.

The order is affirmed.

Costs to respondents.

TAYLOR, C. J., KEETON and SMITH, JJ., and BAKER, D. J., concur.