248 So.2d 196 (1971)
PETROLEUM PRODUCTS CORP., a Florida Corporation, Appellant,
v.
Carl CLARK and Dorothy Stuckel Clark, Appellees.
No. 70-228.
District Court of Appeal of Florida, Fourth District.
May 20, 1971.
*197 Neil J. LaHurd, of Parkhurst & LaHurd, Fort Lauderdale, for appellant.
W. Herbert Moriarty, Fort Lauderdale, for appellees.
CROSS, Chief Judge.
Appellant-defendant, Petroleum Products Corp., a Florida corporation, appeals a final judgment entered in favor of the appellees-plaintiffs, Carl Clark and Dorothy Stuckel Clark, in a cause of action to recover damages for injury to real property resulting by reason of defendant's allowing oil stored in a reservoir on its property to percolate underground onto plaintiffs' property. We affirm.
The defendant, Petroleum Products Corp., is engaged in the refining of oil and transacts its business on a parcel of land located in Broward County in the municipality of Pembrooke Park. On defendant's land is a pond or reservoir for the storage of oil, which escapes from defendant's plants during its refining process. The oil reservoir is directly north of a portion of plaintiffs' land, which is used as a trailer park.
In the year 1962 the plaintiffs first observed that during heavy rainstorms oil appeared intermittently on the surface of their property. In the latter part of the year 1966 and in the early part of the year 1967 the plaintiffs began to notice that a lake on their property had become oily, and they began to receive complaints from occupants of their trailer park concerning the change in the lake. In 1967 the plaintiffs took steps to investigate the cause of the oil seepage, and discovered that beneath the surface much of their property was saturated with oil.
On June 3, 1968, the plaintiffs initiated suit against the defendant seeking damages caused to the plaintiffs' land by reason of oil percolating from the defendant's oil refining operation.
By answer to plaintiffs' complaint defendant generally denied the allegations of the complaint, and asserted as an affirmative defense that plaintiffs' action was barred by Section 95.11(5) (b), Florida Statutes, 1969, F.S.A., in that the three-year period of limitation had run since plaintiff first discovered the injury.
*198 After routine discovery proceedings, the cause came on for trial before the court without a jury. At conclusion of the trial, the court entered final judgment in favor of the plaintiffs and against the defendant, and assessed plaintiffs' damages in the amount of $10,000. The court specifically determined in the final judgment that "the limitation period did not begin to run until the permanency of the injury became discernible to the plaintiffs as owners in the year 1967." It is from this final judgment that the defendant seeks review.
The basic thrust of defendant's appeal is the contention that plaintiffs' action was barred by the statute of limitation. Section 95.11(5) (b), Florida Statutes, F.S.A., reads as follows:
"95.11 Limitations upon actions other than real actions.  Actions other than those for the recovery of real property can only be commenced as follows:
"* * *
"(5) Within three years. 
"(b) An action for trespass upon real property;"
Defendant's argument is that the plaintiffs knew that oil was flowing from defendant's land to their land in the year 1962. Thus, having knowledge that injury had resulted from this occurrence, plaintiffs' action was barred by reason of not having it brought within the three-year period provided by § 95.11(5) (b), F.S.A.
The rule is settled that an action to recover damages occasioned by the trespass to realty must be commenced within three years; otherwise it is barred by § 95.11(5) (b), F.S.A. Savannah, F. & W. Ry. Co. v. Davis, 1890, 25 Fla. 917, 7 So. 29. The question of when a cause of action for damages to realty accrues is one beset with difficulties on which the authorities appear to be in conflict and exhibit considerable confusion. However, the rules established by the greater weight of authority governing and decisive of such question as well as the question of whether the flooding of land gives rise to a single right or successive rights of action are succinctly set forth in 56 Am.Jur., Waters § 443, pages 858-859:
"The determination of the question whether the flooding of land gives rise to a single right or successive rights of action depends ordinarily upon whether the injury or the causative condition is permanent or temporary. The rule prevailing in most jurisdictions is that if the injury is permanent, or if the causative structure or condition is of such a character that injury will inevitably result and the amount of the damage can be determined or estimated, a single action may and should be brought for the entire damages, both past and prospective. But if the overflow is merely temporary, occasional, or recurrent, causing no permanent injury to the land, or if the situation involves other elements of uncertainty, such as the possibility or likelihood of the alteration or abatement of the causative conditions, or uncertainty in regard to the future use or improvement of the land, so as to prevent a reasonably accurate estimate of future damages, it is generally held that each repetition of the overflow gives rise to a new cause of action for which successive actions may be brought."
For an excellent annotation on this subject, see 5 A.L.R.2d 302: "When Statute of Limitations Begins to Run Against Damage From Overflow of Land Caused by Artificial Construction or Obstruction." In this extensive annotation the question of when the statute of limitations commences to run against damages from overflow of land caused by an artificial construction or obstruction, the following statements supported by numerous authorities appear:
"Whether injury or wrong is classified by the courts not as original or permanent, but as temporary, transient or recurring, continuing, or consequential in *199 nature, it has been held that the limitation period starts to run only when the plaintiffs' land is actually harmed by overflow, and that, for the purpose of the statute of limitations, each injury causes a new cause of action to accrue, at least until the injury becomes permanent."
The authorities all agree that the period of limitations does not commence to run against the cause of action for permanent damage to realty until the damage is apparent and it becomes obvious such damage is of a permanent character. H.F. Wilcox Oil & Gas Co. v. Juedeman, 1940, 187 Okla. 382, 101 P.2d 1050, and cases cited therein.
It is, of course, elementary that the burden of establishing the bar of the statute of limitations is upon the parties asserting such defense. Town of Miami Springs v. Lawrence, Fla. 1958, 102 So.2d 143. Therefore, the burden in the case before us was upon the defendant to prove that plaintiffs' action was barred by the statute. The record reflects defendant's failure to sustain the burden of proving the defense of the statute of limitations.
It is true that there is evidence to the extent that in the year 1962 the plaintiffs had noticed oil on their property a few times, mainly after heavy rain or hurricanes. However, there is no evidence to contradict or disprove the plaintiffs' evidence that the permanent nature of the damage first became apparent in the latter part of 1966 and early 1967. Plaintiffs filed their complaint in 1968. Thus, the action was not barred by § 95.11(5) (b), Florida Statutes, and the trial court was eminently correct in its determination.
We have also reviewed and determined the record reveals substantial, competent evidence to support the judgment of $10,000. Accordingly, the judgment appealed is affirmed.
Affirmed.
OWEN, J., and MELVIN, WOODROW M., Associate Judge, concur.