473 So.2d 813 (1985)
Joan C. KULPINSKI, Appellant,
v.
CITY OF TARPON SPRINGS, Florida, an Incorporated Municipality, and Grove Park Homes, Inc., a Florida Corporation, Appellees.
No. 84-1593.
District Court of Appeal of Florida, Second District.
August 9, 1985.
Michael A. Connolly, Clearwater, for appellant.
Harold S. Wilson, Clearwater, for appellee City of Tarpon Springs, Fla.
Dennis Long and Myra L. Lowenstein, Palm Harbor, for appellee Grove Park Homes, Inc.
OTT, Judge.
The trial court dismissed appellant's complaint, finding that the cause of action was barred by the statute of limitations. We reverse.
Appellant initiated this action in March, 1983. Appellant's third amended complaint sets forth the following facts. Appellant purchased a home from appellee Grove Park in March of 1976. Grove Park had planned and built the subdivision in which the house was located. Beginning in June of that year appellant's property was flooded every time it rained, preventing her from using large portions of her property for extended periods of time each year. Appellant alleged that the flooding constituted a continuous invasion causing recurrent damages during periods of rain. She further alleged that the flooding was abatable.
The complaint charged Grove Park with negligence, asserting that the flooding was caused by defective drainage and paving plans for the subdivision. The complaint alleged negligence by the City of Tarpon Springs in approving the plans.
Grove Park moved to dismiss the complaint, asserting that the action was barred by the statute of limitations. The trial court agreed and dismissed appellant's complaint with prejudice.
Ordinarily, the statute of limitations should be set out as an affirmative defense. The defense may be asserted in a motion to dismiss only if the facts constituting the defense appear affirmatively on the face of the complaint. Adams v. *814 Knabb Turpentine Co., 435 So.2d 944 (Fla. 1st DCA 1983).
The question presented here is whether appellant's complaint shows on its face that the limitations period began to run in June of 1976  the date appellant alleges her property was first flooded  for a single cause of action or whether, according to the complaint, each successive flooding after June of 1976 gave rise to a new cause of action against which the statute of limitations started to run from the time of each successive injury. In Town of Miami Springs v. Lawrence, 102 So.2d 143 (Fla. 1958), the court was faced with the same question and held that the answer turns upon whether the action is construable as a suit for permanent or temporary damages. See also Petroleum Products Corp. v. Clark, 248 So.2d 196 (Fla. 4th DCA 1971). In both cases, the court quoted the following passage from 56 Am.Jur. Waters § 443, at 858-59 (19__):
The rule prevailing in most jurisdictions is that if the injury is permanent, or if the causative structure or condition is of such a character that injury will inevitably result and the amount of the damages can be determined or estimated, a single action may and should be brought for the entire damages, both past and prospective. But if the overflow is merely temporary, occasional or recurrent, causing no permanent injury to the land, or if the situation involves other elements of uncertainty, such as the possibility or likelihood of the alteration or abatement of the causative conditions, or uncertainty in regard to the future use or improvement of the land, so as to prevent a reasonably accurate estimate of future damages, it is generally held that each repetition of the overflow gives rise to a new cause of action for which successive actions may be brought.

(Emphasis added.) Town of Miami Springs, 102 So.2d at 146; Petroleum Products Corp., 248 So.2d at 198. The plaintiff in Town of Miami Springs alleged and proved temporary damages as a result of surface waters being diverted onto his property. A one-year statute of limitations was applicable. The court allowed recovery of damages for each repetition of the overflow occurring within one year of the time that suit was filed, even though the suit was filed more than one year after plaintiff first noticed the injury.
Returning to the case before us, appellant has alleged a recurrent flooding which is abatable. The allegations are consistent with the theory of a suit for temporary damages. These allegations must be accepted as true for purposes of a motion to dismiss. See Fearick v. Smugglers Cove, Inc., 379 So.2d 400 (Fla. 2d DCA 1980). Consequently, we hold that appellant is entitled to maintain the action for damages caused by each repetition of the flooding occurring within the limitations period immediately preceding the filing of the complaint. We find nothing in Town of Miami Springs which would require appellant to file a separate complaint for each successive flooding.
Appellees have the burden of proving the defense of the statute of limitations. Town of Miami Springs, 120 So.2d at 146. They may ultimately succeed in proving that the damage suffered was permanent and that the suit is barred by the statute of limitations. We hold only that the trial court erred in dismissing the suit.
The city's brief raises the issue of sovereign immunity. We find nothing in the record on appeal to indicate that this issue was raised in the trial court. Consequently, we decline to consider it on appeal. The city also points out that appellant failed to attach to her complaint a copy of the notice of claim filed with the city as required by section 768.28(6)(a), Florida Statutes (1983). This oversight by appellant can be corrected on remand.
REVERSED and REMANDED for further proceedings.
RYDER, C.J., and FRANK, J., concur.